GULF, T. & W. RY. CO. v. STARK.

(Court of Civil Appeals of Texas. Texarkana. Nov. 20, 1912. Rehearing Denied Dec. 5, 1912.)

1. BILLS AND NOTES (§ 66*)—ORDER—ACCEPTANCE.

An order drawn by a creditor on his debtor, directing payment to a third person, is not binding on the drawee until presented to and accepted by it; the question of priority as an obligation over other claims against the drawer depending entirely on prior acceptance.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 107; Dec. Dig. § 66.*]

2. SET-OFF AND COUNTERCLAIM (§ 20*)—RIGHT TO SET-OFF—CONTRACT.

Defendant having employed the G. Company to do certain construction work which it procured to be done by F., it was discovered that defendant had overpaid the company $425.04, whereupon it was agreed that F. had been overpaid that much, and that defendant should furnish F. additional work so as to enable him to repay such overpayment. This having been done defendant claimed it was entitled to set off such overpayment against the amount due F. for such additional work as against his assignees. Held that, in the absence of any assignment of the construction company's claim against F. for overpayment, his liability to defendant therefor depended exclusively on an agreement on his part that it might be charged against him, and, in the absence of such agreement, defendant was not entitled to set off such amount against F.'s assignees.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 24; Dec. Dig. § 20.*]

Appeal from Jack County Court; W. E. Fitzgerald, Judge.

Action by Sil Stark against the Gulf, Texas & Western Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Ben B. Cain, of Dallas, Sposer & McClure, of Jacksboro, for appellant. Sil Stark and E. W. Nicholson, both of Jacksboro, for appellee.

HODGES, J. The appellee, Sil Stark, sued the appellant in the county court of Jack county to recover the sum of $950 which he claimed was due from the appellant to one T. W. Fletcher, and which Fletcher had assigned to the appellee. The items of the account as set out in the petition consisted, of charges for work and labor performed for the appellant by Fletcher in building dams and reservoirs and in moving dirt in some way connected with the construction of its railroad. Appellant answered by a general denial, and specially pleaded payment of sums amounting to as much as that sued for. It also pleaded settlement on September 1, 1909, and the payment of $311.26 in full of services rendered thereafter. It denied the correctness of several of the items detailed in plaintiff's petition, and the prices charged for the services there specified. It was further pleaded that a number of claims had been paid by appellant at the instance and request of Fletcher prior to the date of the assignment of this account. Among the claims which appellant specially pleaded as having been paid at the instance and request of Fletcher was one for $142.30 to A. J. Birdsong on an order from Fletcher. To this answer the appellee filed a supplemental petition, denying payment and settlement, and alleging other matters not necessary to here state in detail. Appellant filed a supplemental answer, in which, among other things, it was alleged that prior to September 1, 1909, the Griggsby Construction Company had contracted to erect a grade along its line of railway; that in settlement with the construction company for a portion of this work it had by mistake overpaid that company in the sum of $425.04; that this was due to an error in an estimate of the amount of work which had been done by Fletcher, who was then working for the Griggsby Construction Company. It further alleged that thereafter, when the mistake was discovered, it was understood by all parties that Fletcher had been paid $425.04 more than he was entitled to, and that Fletcher agreed with appellant's chief engineer that,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

in order to enable Fletcher to repay the same to the Griggsby Construction Company, the appellant would give him work to do in the construction of a dam and reservoir at Jermyn, and such other work as the company should need, until the $425.04 had been repaid as agreed on; that Fletcher, with the full knowledge of all that was done, and with the honest intention of repaying to the Griggsby Construction Company and to this defendant company what they had overpaid him, agreed to do the work on that reservoir and such other work as appellant might employ him to perform, and to allow appellant credit thereon for the $425.04. A trial before a jury resulted in a verdict for the appellee for $585.61. A number of assigned errors are presented, but we will only discuss those which we think are subject to some of the objections urged.

In the fifth paragraph of the main charge the court gave the jury the following instruction: "There is one item of payment by defendant company over which there is a question as to precedence or priority; and that is the $142.30 payment to A. J. Birdsong. Now, if you find that at the time the A. J. Birdsong account was presented to the company for payment that said defendant at said time accepted said order or claim, and that this was prior to the notice of the plaintiff's assignment, then plaintiff could not recover for same; on the other hand, if you find that the defendant had notice of the assignment by T. W. Fletcher to plaintiff before said defendant accepted or agreed to pay said account of A. J. Birdsong, then you will find for plaintiff on said item." The evidence shows that two days prior to the assignment by Fletcher to appellee of his claim against the appellant Fletcher had given to Birdsong the following order:

Oct 28.
To Bal. a'c........................ $142.30.
Pay A. J. Birdsong the above account.
To Gulf, Texas and Western Ry. Co., Jacksboro, Texas.

                          his
O. K.          T. W.    X   Fletcher.
                         mark

[1] If this order is to be treated as merely a draft upon the appellant, drawn by Fletcher in favor of Birdsong, it was not binding upon the appellant until it had been presented to and accepted by it. House v. Kountze, 17 Tex. Civ. App. 402, 43 S. W. 561. Its priority as an obligation over that of the appellee's claim would depend upon its previous acceptance, unless appellee had consented that it might be first satisfied out of what appellant owed Fletcher. There was positive testimony tending to show that ap-

pellee had consented that this claim should have preference over his, and had authorized its payment by Witt, the chief engineer of the appellant, whose duty it was to settle such claims. It is unnecessary to refer to this evidence in detail. The charge complained of ignored that defense, and in that respect misdirected the jury to the appellant's prejudice. The sixth paragraph of the court's main charge was calculated to mislead the jury, and we suggest that upon another trial it be omitted entirely, or, so modified as to avoid the objections urged.

[2] The seventh paragraph of the court's main charge is as follows: "As to the item of $425 being the alleged overpayment on mile 112, you are charged that whether or not this claim is a just claim in the first instance you have no concern and will not so consider; but all the facts about which you are to determine is whether or not T. W. Fletcher agreed to pay this claim out of the amount of money coming to him under his contract with defendant, and, unless you find by a preponderance of the evidence herein that said T. W. Fletcher did agree to pay said claim out of this work, you will find for plaintiff on this item." According to appellant's pleading, the right to this credit arose under circumstances practically the same as those set out in its pleading last above referred to. It is clear, we think, from the statement contained in the appellant's last supplemental answer that Fletcher could only be held responsible for the repayment of the $425.04 to the appellant upon an agreement to that effect. If he had been overpaid by the Griggsby Construction Company, he was under the duty of reimbursing that company, and not the appellant, in the absence of some special undertaking to do so. Had the appellant pleaded an assignment of that claim to it by the Griggsby Construction Company, then it might have claimed the right to charge it to Fletcher in their general settlement without his consent; but, in the absence of such an assignment, Fletcher's liability to appellant for that claim would depend exclusively upon an agreement upon his part that it might be charged against him. We should not feel inclined to disturb the judgment because of that charge alone.

The court in another portion of his charge selected particular items of the account in dispute and charged with reference to them in such a manner as to give them undue prominence. Upon another trial that should be avoided.

Because of the errors discussed, the judgment of the court is reversed and the cause remanded.